IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Own Harriot, | C/A No. 1:19-cv-2963-JFA-SVH |
| Plaintiff, | |
| vs. | **ORDER** |
| United States, | |
| Defendant. | |

## I.     INTRODUCTION

Michael Owen Harriot ("Plaintiff"), proceeding pro se and in forma pauperis, brings a claim against the United States ("Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial proceedings. Thereafter, Defendant asserted a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). (ECF No. 17).

After reviewing the motion and Plaintiff's opposition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 21). Within the Report, the Magistrate Judge opines that Defendant's motion to dismiss should be granted. The Report sets forth, in detail, the relevant facts and standards of law on this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on April 6, 2020. (ECF No. 24). Therefore, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss for lack of subject-matter jurisdiction or for failure to state a claim is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant factual background is necessary to analyze the objections. Briefly, Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). Plaintiff alleges prison officials negligently and wrongfully deleted his mother's name off his visitor's list on February 2, 2019, and thereby did not allow his mother to visit him on that day, causing travel expense losses, humiliation, embarrassment, emotional distress, and lack of sleep. Plaintiff has submitted with his complaint a copy of his visitor's list, indicating his mother was approved to visit him as of January 31, 2013.

In essence, Plaintiff's objections appear to take issue with the Magistrate Judge's conclusion that Plaintiff has failed to state a claim for which relief can be granted under the FTCA. Plaintiff alleges that he "sufficiently state[d] a claim that BOP staffs breach a duty of care (§4042) with regulation PSVR 540.51(b)(1) owed to Plaintiff to allow his mother to visit him . . . causing both compensatory damages and injuries under the FTCA." (ECF No. 24, p. 6)(written as it appears in the original).

The FTCA does not create new causes of action; "the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government." *Goldstar (Panama) S.A. v. United States,* 967 F.2d 965, 969 (4th

Cir.1992). Instead, the "FTCA only serves to convey jurisdiction when the alleged breach of duty is tortious under *state* law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law." *Id.*; *see also Rayonier, Inc. v. United States,* 352 U.S. 315, 319, 77 S.Ct. 374, 376–77, 1 L.Ed.2d 354 (1957) (stating that, as in all other cases in which the Federal Government claims immunity from suit in tort, when the performance of a uniquely governmental function gave rise to the claimed harm, the court must simply determine "whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred"). A plaintiff bears the burden of showing that the alleged breach of duty is tortious under the law of the state "where the act or omission occurred*." Starr v. United States*, 940 F. Supp. 916, 918 (E.D. Va. 1996) (citing *Florida Auto Auction of Orlando, Inc. v. U.S.,* 74 F.3d 498, 502 (4th Cir.1996)).

Here, Plaintiff has merely asserted that there has been a breach of federal law, specifically 18 U.S.C.§ 4042 and C.F.R. § 540.40 and § 540.51. However, Plaintiff has failed to show that this alleged breach is tortious under South Carolina law. Although Plaintiff references a general negligence cause of action under South Carolina law, reciting the elements of a general negligence claim is not sufficient to show an analogues duty of care recognized by South Carolina. *See Goldstar,* 967 F.2d at 969 (permitting an action if "the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law."); *Rayonier,* 352 U.S. at 319, 77 S.Ct. at 376–77 (stating that a court must determine "whether a private person would be responsible

for *similar* negligence under the laws of the State where the acts occurred") (emphasis added); *see also Fla. Auto Auction of Orlando, Inc. v. United States*, 74 F.3d 498, 505 (4th Cir. 1996) ("[W]e conclude that South Carolina law would not impose liability for breach of a duty that is sufficiently analogous to the duty purportedly imposed on Customs officials by 19 C.F.R. § 192.2(b) to render the Government liable"); *Carter v. Fed. Bureau of Prisons*, C/A No. EP-07-433-PRM, 2008 WL 4600556, at *4 (W.D. Tex. Sept. 30, 2008) (holding plaintiff's claim would not survive a 12(b)(6) motion because she did not provide any grounds for relief under Texas law after being denied visitation with her husband at a BOP facility).

Although Plaintiff points to 28 C.F.R. § 540.51, which provides BOP procedures regarding visitation as the alleged duty owed to him, he cites to no authority holding that a violation of this BOP regulation has a private analogue under South Carolina law. *See, e.g., Williams v. United States*, 242 F.3d 169, 175 (4th Cir. 2001); *Klepper v. City of Milford, Kansas*, 825 F.2d 1440, 1448 (10th Cir. 1987) ("It is well established that where a negligence claim is based on a violation of a federal statute or regulation, no claim will lie under the FTCA in the absence of some other duty under the applicable state law.").

Additionally, Plaintiff objects to the Magistrate Judge's conclusion that a prisoner may not assert an FTCA claim for mental or emotional injuries suffered while in custody absent a prior showing of a physical injury. However, Plaintiff's objection merely rehashes those arguments previously asserted in his opposition to the motion for summary judgment and he fails to point to any authority showing that this conclusion is erroneous.

Accordingly, the Magistrate Judge properly concluded that Plaintiff may not pursue claims based solely on his contention that Defendants' actions caused him "humiliation, embarrassment, and emotional distress." (ECF No. 24, p. 1).

Based on the above, the Magistrate Judge is also correct in concluding that there is no need to address any further arguments or objections as to whether Plaintiff can recover money damages on behalf of his deceased mother. (ECF No. 21, p. 8 n.3).

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 21). Thus, Defendant's motion to dismiss (ECF No. 17) is granted.

IT IS SO ORDERED.

April 16, 2020                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge